IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| STEVIE ANDRE ROBERSON #1877155 | § | |
| VS. | § | CIVIL ACTION NO. 6:21cv187 |
| DIRECTOR, TDCJ-CID | § | |

REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Petitioner Stevie Andre Roberson, a prisoner of the Texas Department of Criminal Justice (TDCJ), proceeding *pro se*, filed this habeas action challenging an adverse parole determination. The case was referred to the undersigned United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the petition.

For reasons explained below, the undersigned recommends that the petition be denied, the case be dismissed with prejudice, and that Petitioner be denied a certificate of appealability *sua sponte*.

**I. Procedural History**

According to the amended petition, Petitioner was convicted in the 114th District Court in Smith County, Texas on August 1, 2013, and sentenced to 25 years. (Dkt. #15 at 2.) Specifically, Petitioner pleaded guilty to failing to comply with sex offender registry requirements despite having a prior "reportable conviction for rape." (Dkt. #20-2 at 4–5, 8–10.) On December 19, 2019, the parole board gave Petitioner a conditional grant of parole, contingent upon the successful completion of a substance abuse program. (Dkt. #15-1 at 1.) Petitioner obtained a certificate of completion in the program on July 15, 2020, and the program director notified the parole board. (*Id.* at 1–2.) But prior to Petitioner's scheduled August 17, 2020 release to an aftercare facility, the

1

parole board was notified that Petitioner was not eligible for the substance abuse program and had forfeited 60 days of sentence credits because he had filed multiple lawsuits that had been dismissed as frivolous. (*Id.* at 2.) Based on that newly reported information, the board determined to deny Petitioner release on parole, which he characterizes as a revocation of parole. (*Id.*) Petitioner also alleges that the reported information used to deny him parole is "false and inaccurate." (Dkt. #15-1 at 5, 7.)

Petitioner initiated the instant federal habeas action before exhausting his state habeas remedies, and this action was therefore stayed briefly while he pursued relief in state court. (*See* Dkt. ##6, 14.) Petitioner's state habeas petition was denied without written order on August 11, 2021 (Dkt. #20-1), and this matter was reopened on September 7, 2021, contemporaneous with Petitioner's filing of the amended petition. (Dkt. #14.) Respondent filed an answer and relevant state court records on November 8, 2021. (Dkt. ##19, 20.) The Court gave Petitioner 14 days to file any reply. (Dkt. #21.) Instead, he filed a motion for leave to file a motion for summary judgment, a motion for summary judgment, and a motion for an injunction. (Dkt. ##23–25.) A recommended disposition of those motions is included below, but the Court has considered their substance as Petitioner's effective reply in support of his petition.

## II. Petitioner's Federal Habeas Petition

Based on the procedural history summarized above, Petitioner raises four grounds for relief. First, he claims that the parole board violated his liberty interest in release on parole by canceling his release. (Dkt. #15 at 7.) Second, he claims the board violated his right to due process by revoking his parole without a hearing. (*Id.* at 7.) Third, he claims that the board's denial of his release based on his litigation activity constitutes retaliation in violation of the First Amendment. (*Id.* at 8.) And fourth, he claims that the board discriminated against him on the basis of his

litigation activity. (*Id.*) He seeks a reinstatement of his parole grant, an injunction requiring production of documents related to the parole board's determination. (*Id.*)

### III. Respondent's Answer

Respondent filed an answer (Dkt. #19), addressing Petitioner's claims. Respondent asserts that Petitioner has no constitutional right to release on parole and no liberty interest in his sentence credits and, as a result, his claims are not cognizable. He also alleges that Petitioner's claims of retaliation and discrimination are conclusory, and he suggests that what Petitioner characterizes as retaliation is simply a requirement of Texas law. Specifically, he cites Tex. Gov't Code § 498.0045, which requires forfeiture of 60 days of an inmate's accrued good conduct credit upon the receipt of the second dismissal of a lawsuit as frivolous or malicious. (Dkt. #19 at 10.)

### IV. Standard of Review

The role of federal courts in reviewing habeas petitions filed by state prisoners is exceedingly narrow. A prisoner seeking federal habeas corpus review must assert a violation of a federal constitutional right; federal relief is unavailable to correct errors of state constitutional, statutory, or procedural law unless a federal issue is also present. *See Lowery v. Collins*, 988 F.2d 1364, 1367 (5th Cir. 1993); *see also Estelle v. McGuire*, 503 F.3d 408, 413 (5th Cir. 2007) ("We first note that 'federal habeas corpus relief does not lie for errors of state law.'") (internal citation omitted). When reviewing state proceedings, a federal court will not act as a "super state supreme court" to review error under state law. *Wood v. Quarterman*, 503 F.3d 408, 414 (5th Cir. 2007).

Federal habeas review of state court proceedings is governed by the Antiterrorism and Effective Death Penalty Act (AEDPA) of 1996. Under AEDPA, which imposed several habeas corpus reforms, a petitioner who is in custody "pursuant to the judgment of a State court" is not

entitled to federal habeas relief with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—

> 1. resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established law, as determined by the Supreme Court of the United States; or
>
> 2. resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.

28 U.S.C. § 2254(d). AEDPA imposes a "highly deferential standard for evaluating state court rulings," which demands that federal courts give state court decisions "the benefit of the doubt." *See Renico v. Lett*, 559 U.S. 766, 773 (2010) (internal citations omitted); *see also Cardenas v. Stephens*, 820 F.3d 197, 201-02 (5th Cir. 2016) ("Federal review under the AEDPA is therefore highly deferential: The question is not whether we, in our independent judgment, believe that the state court reached the wrong result. Rather, we ask only whether the state court's judgment was so obviously incorrect as to be an objectively unreasonable resolution of the claim."). Given the high deferential standard, a state court's findings of fact are entitled to a presumption of correctness and a petitioner can only overcome that burden through clear and convincing evidence. *Reed v. Quarterman*, 504 F.3d 465, 490 (5th Cir. 2007).

**V. Discussion and Analysis**

As Respondent correctly asserts, Petitioner has no constitutional right to parole. It is well-settled that a state prisoner does not have a federal constitutional right to early release from a lawful sentence. *See Greenholtz v. Inmates of Neb. Penaland Corr. Complex*, 442 U.S. 1, 7 (1979) ("There is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence."); *Orellena v. Kyle*, 65 F.3d 29, 31-32 (1995); *Pohl v. Livingston*, 241 F. App'x 180, 181 (5th Cir. 2007) ("This court has determined that Texas law does not create a liberty interest in parole that is protected by the Due Process Clause.").

The decision to grant parole or deny parole is discretionary under Texas law, and the Texas parole statutes, both past and present, do not create any protected liberty interest that implicates constitutional considerations. *See Madison v. Parker*, 104 F.3d 765, 768 (5th Cir. 1997); *Allison v. Kyle*, 66 F.3d 71, 74 (5th Cir. 1995). While Petitioner may be eligible for parole, the refusal of the Texas Parole Board to grant him parole does not merit federal habeas relief. *See Bell v. Thaler*, 2013 WL 791607 *2 (N.D. Tex. March 1, 2013) ("Therefore, while a petitioner may be eligible for parole, the failure of the Board to grant parole does not merit federal habeas relief."); *see also Williams v. Briscoe*, 641 F.2d 274, 277 (5th Cir. 1981) ("We hold that the Texas Adult Probation, Parole and Mandatory Supervision Law does not create a protectible expectancy of release recognized by the Supreme Court in *Greenholtz*.") (internal citation omitted). Accordingly, Petitioner has not identified a constitutional violation in the denial of his release on parole, which is fatal to his habeas petition. "Federal habeas relief cannot be had 'absent the allegation by a plaintiff that he or she has been deprived of some right secured to him or her by the United States Constitution or the laws of the United States.'" *Malchi v. Thaler*, 211 F.3d 953, 957 (5th Cir. 2000) (quoting *Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir. 1995)).

Petitioner seems to believe that he acquired some cognizable interest in parole after the board conditionally granted him a future parole date. (*See*, *e.g.*, Dkt. #24 at 1 (asserting that "the State created a liberty interest in parole on 12/19/2019" with the conditional grant contingent on completion of the treatment program).) He is mistaken. The United States Court of Appeals addressed that issue in a case with similar facts in *Sexton v. Wise*, 494 F.2d 1176 (5th Cir. 1974). There, the parole authority determined on November 7, 1972, that the petitioner would be released on parole on November 16. *Id.* at 1177. But the board learned on November 13 of a previous rule violation by the petitioner and rescinded the grant of parole without giving the petitioner any

formal notice or opportunity to be heard. *Id.*at 1177–78 The Fifth Circuit rejected the argument that the rescission violated the petitioner's constitutional rights:

> Since Sexton was never officially paroled, and the actions taken did not amount to a revocation, we do not reach the issue of the constitutionality of the November 28, 1972 meeting conducted by the Youth Correction Division of the Board of Parole. Until a parole is finalized, no constitutional protections associated with a parole revocation embrace the intended parolee.
>
> It is well settled that eligibility for parole is within the wide latitude of discretion vested in the Board of Parole. *Thompkins v. U.S. Board of Parole*, 5 Cir., 1970, 427 F.2d 222; *United States v. Frederick*, 3 Cir., 1968, 405 F.2d 129; *Walker v. Taylor*, 10 Cir., 1964, 338 F.2d 945. The Regulations for paroling a prisoner sentenced under the Youth Correction Act, supra, provide that the Youth Correction Division may conditionally release a prisoner after reasonable notice to the Director of the Bureau of Prisons. (28 C.F.R. § 2.6). Notice of a future date for release on parole, however, does not bestow upon the intended parolee a right to that parole prior to final physical release by the Bureau of Prisons. Before a prisoner can be officially paroled, the final step of physical release must be taken.
>
> While a prisoner remains in the custody of prison officials, he continues to be subjected to their supervision and the wide discretion of the Board of Parole. The Regulations are clear that until final physical release occurs, the Board does not relinquish its broad discretionary powers to rescind any future parole.

*Id.* at 1178.

Although the Fifth Circuit in *Sexton* dealt with federal parole regulations, the United States District Court for the Southern District of Texas has found that its reasoning applies to cases arising in Texas, whose parole statute likewise "does not create a constitutionally protected expectancy of release." *Reneau v. Dretke*, No. H-05-3413, 2005 WL 2488421, at *1 (S.D. Tex. Oct. 6, 2005). Like Petitioner, Reneau "challenge[d] the decision of the Texas Board of Pardons and Paroles (Board) to rescind his previously granted parole release," complaining that "the Board gave him a parole release date and they later rescinded the date without proper and fair notice." *Id.* The district court found that Reneau failed to state a claim for which habeas relief could be granted, because "the process of obtaining parole had never reached completion and the due process protections of *Morrisey v. Brewer* [408 U.S. 471 (1972)], applicable to revocation, were not applicable." *Id.*

6

(quoting *Sexton*, 494 F.2d at 1177.) Accordingly, Petitioner had no liberty interest in parole that triggered any due process protections despite the conditional grant of a release date.

Nor do Petitioner's invocations of the First Amendment or equal protection support his claim for relief. As Respondent points out, the consequences of Petitioner's two dismissals of frivolous complaints are the result of Texas law, not retaliation by any officials. Contrary to Petitioner's insistence that the report of his frivolous litigation history is false, those dismissals, dated July 5, 2007, and July 10, 2018, are in the record, along with the July 29, 2020 letter formally advising the TDCJ Classification and Records Chairman of them. (Dkt. #19-1 at 6–8.) There is no explanation in the record for the delay in reporting the second dismissal, but *Sexton* also involved the parole authority's delayed discovery of a fact that led to rescission, and the timeline simply does not change the fact that Petitioner had no constitutional right or liberty interest in early release at the time his parole was rescinded.

To implicate the Equal Protection Clause of the Fourteenth Amendment in his case, Petitioner "must either allege that (a) 'a state actor intentionally discriminated against [him] because of membership in a protected class[,]' or (b) he has been 'intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment.'" *Gibson v. Tex. Dep't of Ins. – Div. of Worker's Comp.*, 700 F.3d 227, 238 (5th Cir. 2012) (quoting *Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000)) (additional citations omitted). But Petitioner's history of frivolous litigation does not place him in a specially protected class of citizens, and it clearly constitutes a rational basis for his being treated differently than other individuals. *See Carson v. Johnson*, 112 F.3d 818, 822 (5th Cir. 1997) (finding Prison Litigation Reform Act does not violate Equal Protection Clause because "[n]either prisoners nor indigents constitute a suspect class" and "deterring frivolous and malicious lawsuits, and thereby preserving

7

scarce judicial resources, is a legitimate state interest"). Denial or rescission of parole based directly or indirectly on his past frivolous litigation, therefore, did not violate Petitioner's right to equal protection.

And finally, Respondent is correct that Petitioner had no constitutional interest in his accrued sentence credits. The Fifth Circuit has held that there is no protected liberty interest in previously earned good-time credits when an inmate is not eligible for mandatory supervision. *See Stewart v. Crain*, 308 F. App'x 748, 750, 2009 WL 166700 *2 (5th Cir. 2009) ("Because Stewart is ineligible for early release under the Texas mandatory supervision scheme, he has no constitutional protected liberty interest in previously earned good-time credits."). Texas law makes inmates with a previous conviction for rape (sexual assault), including Petitioner, ineligible for release on mandatory supervision. Tex. Gov't Code § 508.149(a)(6). Accordingly, the forfeiture of 60 days of credit as the result of Petitioner's frivolous litigation did not have any effect on the length of his incarceration or otherwise implicate his constitutional rights.

For these reasons, Petitioner cannot establish that either the rescission of his parole or the loss of accrued sentence credits violated his federal constitutional rights, as required to merit federal habeas relief.

**VI. Pending Motions**

All three of Petitioner's pending motions (Dkt. ##23-25) focus on gathering evidence he believes will support his allegations, including the parole board's original notice of the decision to grant parole, the certificates of program completion, records establishing the forfeiture of accrued sentence credits, etc. (*See*, *e.g.*, Dkt. #25 at 1–2.) But for the reasons explained above, exhibits proving the facts as Petitioner alleges them would be futile in this case, because those facts simply do not establish any violation of his constitutional rights. The only exhibits on Petitioner's list that

are even arguably necessary to the analysis above are the two dismissals of his previous lawsuits as frivolous, which are already in the record (Dkt. #19-1 at 6–8), and the consequences of which are a matter of state law, as the Court has explained. Moreover, because Petitioner had no right to parole at any point in the background of this case, even the absence of those records, or any dispute about their validity, would not alter the outcome of this case.

The Court has already considered Plaintiff's contentions in these motions as his reply in support of his petition. But to the extent they seek the production of documents or any other relief or litigation of this matter, they should be denied as moot in light of the clear lack of merit in Petitioner's habeas claims.

### VII. Certificate of Appealability

A state prisoner whose petition for a writ of habeas corpus is denied by a federal district court does not enjoy an absolute right to appeal." *Buck v. Davis*, 137 S. Ct. 759, 773 (2017). Instead, under 28 U.S.C. § 2253(c)(1), he must first obtain a certificate of appealability ("COA") from a circuit justice or judge. *Id.* Although Petitioner has not yet filed a notice of appeal, the court may address whether he would be entitled to a certificate of appealability. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (A district court may *sua sponte* rule on a certificate of appealability because "the district court that denies a petitioner relief is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before the court. Further briefing and argument on the very issues the court has just ruled on would be repetitious.").

A certificate of appealability may issue only if a petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To make a substantial showing, the petitioner need only show that "jurists of reason could disagree with the district court's resolution

of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). The Supreme Court recently emphasized that the COA inquiry "is not coextensive with merits analysis" and "should be decided without 'full consideration of the factual or legal bases adduced in support of the claims.'" *Buck*, 137 S. Ct. 773 (quoting *Miller-El*, 537 U.S. at 336). Moreover, "[w]hen the district court denied relief on procedural grounds, the petitioner seeking a COA must further show that 'jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Rhoades v. Davis*, 852 F.3d 422, 427 (5th Cir. 2017) (quoting *Gonzalez v. Thaler*, 565 U.S. 134, 140-41 (2012)).

Here, Petitioner failed to present a substantial showing of a denial of a constitutional right or that the issues he has presented are debatable among jurists of reason. He also failed to demonstrate that a court could resolve the issues in a different manner or that questions exist warranting further proceedings. Accordingly, he is not entitled to a certificate of appealability.

## RECOMMENDATION

For the foregoing reasons, it is recommended that the above-styled petition for a writ of habeas corpus be denied and that the case be dismissed, with prejudice. It is further recommended that Petitioner's pending motions (Dkt. ##23–25) be denied and that Petitioner be denied a certificate of appealability *sua sponte*.

Within fourteen (14) days after receipt of the Magistrate Judge's Report, any party may serve and file written objections to the findings and recommendations contained in the Report.

A party's failure to file written objections to the findings, conclusions and recommendations contained in this Report within fourteen days after being served with a copy shall bar that party from *de novo* review by the district judge of those findings, conclusions and

recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

So ORDERED and SIGNED this 13th day of July, 2022.

_____
K. NICOLE MITCHELL
UNITED STATES MAGISTRATE JUDGE