IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| STEVIE ANDRE ROBERSON, #1877155, | § § § § | |
| Petitioner, | § § | Case No. 6:21-cv-187-JDK-KNM |
| v. | § § | |
| DIRECTOR, TDCJ-CID, | § § | |
| Respondent. | § § § | |

**ORDER ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Petitioner Stevie Andre Roberson, a Texas Department of Criminal Justice (TDCJ) prisoner proceeding pro se, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  The case was referred to United States Magistrate Judge K. Nicole Mitchell for findings of fact, conclusions of law, and recommendations for the disposition of the case.

On July 13, 2022, Judge Mitchell issued a Report recommending that the Court dismiss the petition and deny a certificate of appealability.  Docket No. 29.  Petitioner submitted timely written objections.  Docket No. 31.

Where a party timely objects to the Report and Recommendation, the Court reviews the objected-to findings and conclusions of the Magistrate Judge de novo.  28 U.S.C. § 636(b)(1).  In conducting a de novo review, the Court examines the entire record and makes an independent assessment under the law.  *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*), *superseded on other*

1

*grounds by statute*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

Petitioner's objection is without merit. His petition and his objection rest on his insistence that it was a violation of his rights for the parole board to rescind its grant of parole to Petitioner after scheduling his release upon his completion of a required program. But the basis of the Magistrate Judge's recommendation is that Petitioner did not have any constitutionally protected right to release even after being given a release date. Docket No. 29 at 5–7. Petitioner's disagreement with that point of law does not make it wrong.

For example, Petitioner asserts a liberty interest in his parole release date flowing from *Board of Pardons v. Allen*, 482 U.S. 369 (1987), in which the Supreme Court found that mandatory language in Minnesota's parole statutes created an interest in parole that triggered due process rights when certain conditions were met. But Petitioner does not cite any similar statutes in Texas, and the Magistrate Judge correctly points out that Texas's parole statutes have been repeatedly found not to create any protected liberty interest in parole. Docket No. 29 at 5. In fact, the Fifth Circuit has indicated that the Texas parole statutes were intentionally crafted to avoid the result in *Allen*. *See Creel v. Keene*, 928 F.2d 707, 712 (5th Cir. 1991) ("In the aftermath of *Allen*—which imputed constitutional heft to some uses of 'shall' in a parole statute—the 71st Texas Legislature amended § 8(a), replacing the phrase 'shall release' with the phrase 'may release.' Consequently, to the extent the 1987 amendments ever led Creel to believe parole was in the offing, his 'expectancy of

2

release' ended on June 15, 1989, the effective date of the 1989 revision."). Petitioner also continues to insist that the information that led to rescission of his parole grant (including litigation dismissed as frivolous) was false, and that the true motivation for the rescission was retaliation. But the Magistrate Judge correctly found that the record conclusively disproves that claim. Docket No. 29 at 7.

Having conducted a de novo review of the Report and the record in this case, the Court has determined that the Report of the United States Magistrate Judge is correct, and Petitioner's objections are without merit. The Court therefore **OVERRULES** Petitioner's objections (Docket No. 31) and **ADOPTS** the Report and Recommendation of the Magistrate Judge (Docket No. 29) as the opinion of the District Court. Petitioner's petition for habeas corpus is hereby **DISMISSED** with prejudice, and any pending motions are **DENIED** as moot. Further, the Court **DENIES** a certificate of appealability.

So **ORDERED** and **SIGNED** this **29th** day of **August, 2022.**

_____
JEREMY D. KERNODLE
UNITED STATES DISTRICT JUDGE

3